DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Steven Forgette, was found guilty of aggravated murder and felonious assault.
A trial commenced on January 11, 1999. Terry Stegall testified that in the early morning hours of February 7, 1998, he was asleep in his upstairs apartment located on Austin Street in Toledo. At approximately 2:30 a.m. he was awakened by the sound of loud music from a car outside. Stegall testified he also heard two loud male voices. Although he could not hear what was being said, he testified he heard someone outside utter an obscenity. Seconds later, he heard the sound of gunshots. Stegall testified he looked out of his window and saw a body lying in the street while a car drove off.
Toledo police officer Brenda Sarahman testified that in the early morning hours of February 7, 1998, she was dispatched to the corner of Walnut and Austin Streets to investigate a possible shooting. When she arrived she found a man lying in the street excessively bleeding from a gunshot to the head. The man was later identified as Bryan Hastings.
Lori Sanchez testified that on February 6, 1998, she went to Johnny's bar where she saw appellant. When the bar closed at approximately 2:30 a.m., Sanchez asked appellant for a ride to an "after hours" party. Sanchez testified that appellant seemed mad about something but he nevertheless agreed to give her a ride. Once they were in the car, appellant proceeded toward Austin and Walnut Streets. Sanchez testified that appellant parked his car at the corner on Walnut Street. At that point, another car pulled up behind them. Sanchez testified that appellant reached down and pulled out a gun. He got out of the car and walked toward the car stopped behind them. Sanchez testified she was unable to identify the person in the other car. Sanchez could see that appellant was arguing with someone. She testified she heard the other person say "what are you going to do Steve, shoot me?" Sanchez then heard gunshots. Appellant, holding the gun, returned to the car. Sanchez testified that appellant then told her that he had to shoot "him" because "he" was going to tell on me [appellant]. Sanchez testified that appellant did not identify the person he "had" to shoot.
The coroner testified that Hastings died as a result of multiple gunshot wounds. On October 13, 1998, appellant was indicted on one count of aggravated murder, a violation of 2903.01(A), and one count of felonious assault, a violation of R.C. 2903.11(A)(2). Each charge carried a firearm specification. On January 14, 1999, a jury found appellant guilty on both counts including the specifications. He was sentenced to a life term of imprisonment for the aggravated murder and an eight year term of imprisonment for the felonious assault charge. The two sentences were ordered served concurrently in that the offenses related to a single act. A three year prison term for the firearm specification was ordered served prior to and consecutively with the life sentence. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY ALLOWING HEARSAY EVIDENCE AND STATEMENTS ELICITED BY THE STATE WHILE DENYING THE SAME OR SIMILAR TYPE OF HEARSAY BY THE DEFENSE.
 "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT ALLOWING CROSS EXAMINATION OF A WITNESS' MOTIVES FOR TESTIFYING."
In his first assignment of error, appellant contends the court erred in admitting hearsay testimony. Specifically, appellant's counsel, on cross-examination, asked Sanchez about her interview with the police. Appellant's counsel asked Sanchez if her attorney was present. When Sanchez stated he was, appellant's counsel asked "did he say anything in there to you?" At this point, the prosecutor objected and his objection was sustained on the basis of attorney client privilege. Appellant later objected to the state's attempt to introduce certain letters into evidence. Specifically, appellant objected to the portion of the letters wherein appellant quoted his attorney. The court overruled appellant's objection finding that the statements in the letters were not hearsay pursuant to Evid.R. 801(D)(2). Finally, appellant objected to the court's admission of Sanchez's testimony wherein she testified she heard the victim state "what are you going to do Steve, shoot me?" The trial court allowed this statement to be admitted as a hearsay exception pursuant to Evid.R. 803(1).
Questions involving the admissibility of evidence are left to the sound discretion of the trial court, and the trial court's ruling on evidentiary issues will not be reversed on appeal absent an abuse of discretion and a showing that the accused has suffered material prejudice. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus; State v. Long (1978), 53 Ohio St.2d 91, 98. An abuse of discretion is more than mere error of law; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
We have thoroughly reviewed the record in this case and find that the court did not abuse its discretion in admitting the testimony at issue. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends he was denied a fair opportunity to cross-examine Lori Sanchez. Specifically, the prosecution on direct raised three issues which could have affected Sanchez's credibility as a witness. First, the prosecutor questioned Sanchez's prior participation in a plea bargain in another related case. Second, the prosecutor questioned Sanchez as to why she initially told the police she was not with appellant when Hastings was murdered. Third, Sanchez was questioned as to why she threatened to kill appellant in a letter.
Our review of the record shows that appellant was given wide latitude in his cross-examination of Sanchez, particularly on the issues discussed above. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
MELVIN L. RESNICK, J., JUDGE, JAMES R. SHERCK, J., JUDGE, RICHARD W. KNEPPER, P.J., JUDGE, CONCUR.